UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN FUCARINO | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| NORTH AMERICAN ASSET SERVICES, LLC, *d/b/a* FRONTIER FINANCIAL GROUP | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, John Fucarino, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, John Fucarino, (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as violations of New York General Business Law §349 and the Telephone Consumer Protection Act of 1991 ("TCPA") which prohibits telemarketing calls, unsolicited faxes, prerecorded calls, or autodialed calls to cell phones, and relief against Invasion of Privacy by Intrusion upon Seclusion.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, John Fucarino, (hereafter, Plaintiff) is an adult natural person residing in Patchogue, New York. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, North American Asset Services, LLC, *d/b/a* Frontier Financial Group (hereafter, Defendant) at all times relevant hereto, is and was a foreign limited liability company, engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Nevada, with a principal place of business located at 1291 Galleria Drive, Suite 170, Henderson, Nevada 89014.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Plaintiff has been receiving calls for almost two (2) years from the Defendant looking for someone by the name of "Stephen Fucarino" from the number 888-966-6015.

8. All calls come to Plaintiff's personal cell phone.

9. On each call, the Plaintiff has informed the Defendant that they are calling the wrong number, and that he is "John Fucarino" and that he wants the calls to stop.

10. Plaintiff does have a relative by the name of "Stephen Fucarino", but they are not close and he does not know how to contact him.

11. Plaintiff is not responsible in any way for any debt allegedly owed by "Stephen Fucarino".

12. Plaintiff has not now or ever resided with "Stephen Fucarino".

13. Despite informing the Defendant that they are calling the wrong number, the calls continue all hours of the day, several times a day.

14. Defendant's male agent continually calls the Plaintiff with an attitude and asks to speak with a "Mr. Fuckarino", intentionally mispronouncing the Plaintiff's name.

15. Defendant's behavior is clearly a way to cause embarrassment and humiliation to the Plaintiff.

16. Plaintiff has tried to no avail to stop the calls and have his number removed from the Defendant's file.

17. As of the filing of this complaint, the Defendant continues to hound the Plaintiff daily with both live and automated collection calls for a "Stephen Fucarino".

18. As a direct consequence of Defendants acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> §§1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§§1692d(5):   Caused the phone to ring or engaged any person in telephone conversations repeatedly

§§ 1692e:    Any other false, deceptive or misleading representation or means in connection with the debt collection

§§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692f:    Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Frontier Financial Group, for the following:

a.   Actual damages;

d.   Statutory damages pursuant to 15 U.S.C. §1692k;

c.   Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.   Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

26.   Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

27.   Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

28. GBL §349 provides in relevant part as follows:

   (a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

   (g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

   (h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

29. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among

other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    Actual damages

    b.    Statutory damages

    c.    An award of reasonable attorney's fees and expenses and cost of suit; and

    d.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT III –TCPA

30. The above paragraphs are hereby incorporated herein by reference.

31. At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

32. The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

    a.    The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

    b.    The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

  c. The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, and Order the following relief:

 a. Actual damages;

 b. Statutory damages up to $1,500 per telephone call;

 c. Reasonable attorney's fees and costs of suit pursuant to 47 U.S.C. §227; and

 d. Treble damages.

## COUNT IV

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

33. The above paragraphs are hereby incorporated herein by reference.

34. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

35. New York recognizes Plaintiff's rights to be free from invasions of privacy, thus Defendant violated state law.

36. Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiffs with frequent telephone calls, abusing Plaintiff.

37. The telephone calls made by Defendant to Plaintiff was so persistent and repeated with such frequency as to be considered, "hounding the Plaintiff," and "a

substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

38. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

39. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

40. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a. Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit;

c. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                    **Respectfully submitted,**

                                                    VULLINGS LAW GROUP, LLC

**Date: April 10, 2013**                BY: _/s/ Brent F. Vullings_
                                                  Brent F. Vullings, Esquire
                                                  Vullings Law Group, LLC
                                                  3953 Ridge Pike
                                                  Suite 102
                                                  Collegeville, PA  19426
                                                  610-489-6060
                                                  610-489-1997 fax
                                                  bvullings@vullingslaw.com
                                                  Attorney for the Plaintiff